UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEROY J. DORSEY,

                            Plaintiff,

               -against-

MARK ROYCE – WARDEN, et al.,

                            Defendants.

21-CV-1173 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in Green Haven Correctional Facility, brings this action

*pro se*. He also requests to proceed without prepayment of fees, that is, *in forma pauperis*

("IFP"). Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Dorsey*

*v. Lavalle*, No. 12-CV-1162 (N.D.N.Y. Oct. 23, 2012). That order relied on 28 U.S.C. § 1915(g),

which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff has filed this new action seeking IFP status, his complaint does not

show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that from

January to October 2019, Defendants violated his rights at Green Haven.[2] Plaintiff is therefore

barred from filing this action IFP.

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] On March 2, 2021, the Court received a letter from Plaintiff in which he requests a transfer from Green Haven. He asserts that he is being denied access to the law library and is unable to "petition this case and government for a redress of grievances." (ECF 4.) Plaintiff also

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[3] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[4] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 1, 2021
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

claims that his "[l]ife is in [d]anger," but he alleges no facts suggesting that he is under imminent danger of serious physical injury. (*Id.*)

[3] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).